# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH E. HODGELL,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　Respondent. | CASE NO. 08-CV-1581 W<br>　　　　　　03-CR-850 W<br><br>**ORDER DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY [DOC. 972]** |

On August 27, 2008, Petitioner Kenneth E. Hodgell, a federal prisoner proceeding *pro se*, submitted a petition for writ of habeas corpus under 28 U.S.C. § 2255. On May 27, 2011, the Court denied the petition in its entirety. On July 14, 2011—48 days after the petition was denied—Petitioner filed a Request for a Certificate of Appealability ("COA") now pending before the Court concurrently with a Notice of Appeal. (Doc. 972.)

The Court decides the matter on the papers submitted and without oral argument. See Civil L.R. 7.1(d.1). For the reasons stated below, the Court **DENIES** the COA request.

I.     **DISCUSSION**

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.    Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  Specifically, a petitioner must obtain a certificate of appealability before pursuing any appeal from a final order in a Section 2255 proceeding.  See 28 U.S.C. § 2253(c)(1)(B).  In addition to obtaining a COA, a petitioner must also file a timely notice of appeal.

"An appeal from a denial of a habeas petition is considered a civil matter and is thus subject to the time limitations set forth in rule 4(a)" of the Federal Rules of Appellate Procedure. Malone v. Avenenti, 850 F.2d 569, 571 (9th Cir. 1988).  Under Rule 4(a), an appellant is required to file notice of appeal within 30 days of the judgment date.  Fed. R. App. P. 4(a)(1)(A).  Thereafter, a 30-day extension is available upon a showing of good cause or excusable neglect.  Fed. R. App. P. 4(a)(5).  Failure to file a timely notice of appeal deprives the Court of Appeals of jurisdiction.  Bowles v. Russell, 551 U.S. 205, 213 (2007).  In the Ninth Circuit, when an appellant fails to file a notice of appeal within the initial time period set forth in Rule 4(a)(1), and likewise fails to move for an extension within the 30-day grace period set forth in Rule 4(a)(5), the presiding appellate court *must dismiss the appeal* for lack of appellate jurisdiction. Malone, 850 F.2d at 572.  Given that Petitioner failed to file his notice of appeal within the 30-day period after the judgment date—which ended on June 27, 2011—the issuance of a COA would not give the Ninth Circuit jurisdiction over Petitioner's appeal.  See id.  Therefore, the Court has no choice but to deny Petitioner's request for a COA.

Furthermore, the Court also declines to issue a COA because reasonable jurists would not disagree with the Court's conclusion.  If the Court denies a habeas petition, it may only issue a COA "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327;

1  Slack v. McDaniel, 529 U.S. 473, 484 (2000). While Petitioner is not required to prove
2  the merits of his case, he must demonstrate "something more than the absence of
3  frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 337-
4  38. Here, Petitioner's request for a COA does not provide any specific arguments
5  concerning his claims. Rather, he merely states the issues that he wishes to pursue on
6  appeal. (*See Pet'r's Req. for* COA 2–3 [Doc. 972].) Accordingly, the Court finds that
7  reasonable jurists would not disagree with the Court's conclusion.

## II.   CONCLUSION AND ORDER

In light of the foregoing, the Court **DENIES** Petitioner's request for a certificate of appealability. (Doc. 972.) This case shall remain closed.

**IT IS SO ORDERED**.

DATED: July 21, 2011

_____
Hon. Thomas J. Whelan
United States District Judge